UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KEITH DEVAUGHN,** | ) | **CASE NO.  1:12CR419** |
| | ) | **1:16CV401** |
| | ) | |
| Petitioner, | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

The instant matter is before the Court upon Petitioner Keith DeVaughn's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255.  Doc. 43. Upon review, the petition is DISMISSED.

**I. STANDARD OF REVIEW**

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994).  A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

Additionally, 28 U.S.C. § 2255(f)(1) provides as follows:  "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the … date on which the judgment of conviction becomes final[.]"  In the alternative, the date may run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).[1]

## II. LAW AND ARGUMENT

Petitioner's sentence was reduced to a judgment entry on February 1, 2013. Petitioner did not appeal. Accordingly, Petitioner was required to file his petition by no later than one year from the expiration of his time to appeal – February 15, 2014. Petitioner did not file the instant petition until February 22, 2016, well beyond the statute of limitations. Within his petition, Petitioner does not seek equitable tolling, nor claim actual innocence. Petitioner, however, does make passing reference to the United States Supreme Court decision in *Johnson v. United States*, 125 S.Ct. 2551 (2015). *Johnson* held that the residual clause of the Armed Career Criminal Act was unconstitutionally vague. Petitioner, however, was not sentenced under the ACCA. Moreover, he does not raise a challenge to any similarly worded portion of the sentencing guidelines – a challenge recognized as viable by the Sixth Circuit in *United States v. Pawlak*, 2016 Wl 2802723 (6th Cir. May 13, 2016). As a result, there is no basis to consider is his untimely filed petition.

Additionally. Petitioner raises the same arguments that this Court heard and rejected during his sentencing hearing. As Petitioner could have challenged this Court's ruling on these objections on direct appeal, res judicata prevents him from raising them herein. Moreover, Petitioner expressly waived the right to bring a § 2255 except under limited circumstances. Petitioner does not allege that any of the exceptions to his waiver are applicable herein. As such, even if the petition were deemed timely, it would fail on a merits review.

## III. CONCLUSION

For the foregoing reasons, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DISMISSED.**

---

[1] The remaining dates contained in the other subsections are inapplicable herein.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: May 31, 2016 /s/ *John R. Adams*
**JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE**